Signed and Filed: April 1, 2016



_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>EDITH YEE TUK WONG,<br><br>                        Debtor.<br>_____<br>DIANA LAU,<br>                        Plaintiff,<br><br>v.<br><br>EDITH YEE TUK WONG,<br>                        Defendant.<br>_____ | Bankruptcy Case<br>No. 14-30880 DM<br><br>Chapter 7<br><br><br><br>Adversary Proceeding<br>No. 14-3113 DM |

MEMORANDUM DECISION ON MOTIONS FOR SUMMARY JUDGMENT

I.    <u>INTRODUCTION</u>

      In this adversary proceeding, plaintiff Diana Lau ("Plaintiff"), an assignee of a state court judgment against debtor and defendant Edith Wong ("Debtor"), seeks a determination that the judgment debt is nondischargeable under 11 U.S.C. § 523(a)(2)(A). Previously, this court entered a partial summary judgment ("Partial SJ") in favor of Plaintiff, applying the California doctrine of issue preclusion and holding that the state court judgment precluded relitigation of four of the five elements

-1-

of a section 523(a)(2)(A) claim.  *See* Order Granting Motion for
Partial Summary Judgment entered on October 9, 2015 (Dkt. 19).

Debtor has now filed her own motion for summary judgment ("MSJ"), with Plaintiff filing a cross-motion for summary judgment ("XSJ") contending (notwithstanding her contrary position in her initial motion for summary judgment) that the state court judgment is preclusive as to the fifth element (damages) of her nondischargeability claim.  For the reasons set forth below, the court is denying both the MSJ and the XSJ.

II. <u>UNDISPUTED FACTS AND PROCEDURAL HISTORY</u>

On November 9, 2009, Anita Lee ("Ms. Lee") filed a complaint against Debtor in the San Francisco Superior Court asserting, among other things, causes of action for "Fraud and Deceit--Intentional Misrepresentation" and "Fraud and Deceit--Negligent Misrepresentation."  Although other claims had been alleged by Ms. Lee and eventually resolved by settlement or by a determination by the trial judge,[1] the Fraud and Deceit -- Intentional Misrepresentation ("Intentional Misrepresentation") and Fraud and Deceit -- Negligent Misrepresentation ("Negligent Misrepresentation") claims were the only two tried before a jury.

The instructions to the jury set forth the elements of claims for Intentional Misrepresentation and for Negligent

---

[1] Ms. Lee also filed claims for judicial foreclosure, declaratory relief, breach of oral contract, and breach of written contract, while Debtor filed a cross complaint against Ms. Lee for breach of contract.  Outside of the presence of the jury, the parties stipulated to a judgment in the amount of $27,500.00 against Debtor as to the breach of contract claims and the state court awarded judgment on Ms. Lee's request for declaratory relief.  *State Court Judgment* dated May 31, 2011, contained in *Plaintiff's Request for Judicial Notice ("RJN")* filed on August 15, 2015, at Dkt. 10, page 106, lines 5-14.

-2-

Misrepresentation. To establish her claim for Intentional Misrepresentation, Ms. Lee had to prove "all of the following:"

1. That Edith Wong represented to Anita Lee that an important fact was true;
2. That Edith Wong's representation was false;
3. That Edith Wong knew that the representation was false when she made it, or that she made the representation recklessly and without regard for its truth;
4. That Edith Wong intended that Anita Lee rely on the representation;
5. That Anita Lee reasonably relied on Edith Wong's representation;
6. That Anita Lee was harmed; and
7. That Anita Lee's reliance on Edith Wong's representation was a substantial factor in causing her harm.

Plaintiff's Request for Judicial Notice ("RJN2") filed on January 4, 2016 at Dkt. 37, page 68. To establish a claim for Negligent Misrepresentation, Ms. Lee had to prove "all of the following:"

1. That Edith Wong represented to Anita Lee that an important fact was true;
2. That Edith Wong's representation was not true;
3. That Edith Wong had no reasonable grounds for believing the representation was true when she made it;
4. That Edith Wong intended that Anita Lee rely on this representation;
5. That Anita Lee reasonably relied on Edith Wong's representation;
6. That Anita Lee was harmed; and
7. That Anita Lee's reliance on Edith Wong's

-3-

representation was a substantial factor in causing her harm.

*RJN2,* Dkt. 37, page 71.

Following trial, the jury returned a verdict against Debtor on both of the misrepresentation claims and awarded Ms. Lee $114,500 in damages.[2] *RJN,* Dkt. 10, pages 99-100. In order to conclude that Debtor had engaged in "Fraud & Deceit/Intentional Misrepresentation," the jury necessarily determined that Debtor represented an important fact to be true, that the representation was false, that Debtor knew the representation was false or that she made the representation recklessly and without regard to its truth, that Debtor intended Ms. Lee to rely on the representation, that Ms. Lee was harmed, and that Ms. Lee's reliance on the Debtor's representation was a substantial factor in causing her harm. *RJN2,* Dkt. 37, page 68. The jury additionally found that Debtor had "engage[d] in the conduct with malice, oppression, or fraud" with respect the actions giving rise to the intentional

---

[2]The General Verdict stated in relevant part:

> On plaintiff Anita Lee's claim for fraud and deceit -- intentional misrepresentation [,] we find in favor of plaintiff Anita Lee and against defendant Edith Wong.
>
> On plaintiff Anita Lee's claim for fraud and deceit -- negligent misrepresentation [,] we find in favor of plaintiff Anita Lee and against defendant Edith Wong.

The verdict form directed the jury to complete the following "only if you find in favor of Anita Lee on at least one of her claims": "We award Anita Lee the following compensatory damages: $\_\_\_\_\_." The jury entered the sum of $114,500.

-4-

misrepresentations, but did not impose punitive damages.[3] *Id.* The jury awarded Ms. Lee compensatory damages in the amount of $114,500, but did not apportion the damages between the two misrepresentation claims. *Id.* In addition to the jury award, the state court also awarded costs in the amount of $23,373.81 and attorneys fees in the amount of $180,212.00, for total "costs" of $192,585.81. *Id.* at page 107.

Ms. Lee thereafter assigned the judgment to Plaintiff. After Debtor filed her chapter 7 case, Plaintiff commenced this adversary proceeding to have the judgment debt declared nondischargeable as a debt "for money, property, services . . . to the extent obtained by - (A) false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A). In September 2015, Plaintiff moved this court for partial summary judgment that the state court judgment established "all elements of nondischargeability under 11 U.S.C. § 523(a)(2)(A), except as to the amount, which would be reserved for trial." *Memorandum of Points and Authorities in Support of Motion for Partial Summary Judgment* ("MPA"), Docket 11 at 2:8-10. Plaintiff also acknowledged that "[t]he lumping of the "Sixth Cause of Action", which was for Fraud and Deceit -- <u>Negligent</u> Misrepresentation, with the Fifth Cause of Action for [Intentional] Fraud in the Lee Judgment is what precludes Movant from moving for full summary judgment[.]" *MPA* at 3:13-17 (emphasis in original).

---

[3] The jury form stated that "[i]f you find fraud and deceit - intentional misrepresentation then answer the [following] questions: "Did defendant Edith Wong engage in the conduct with malice, oppression or fraud?" The jury responded affirmatively. The jury was then asked "What amount of punitive damages, if any, do you award plaintiff Anita Lee?" The jury answered: $0.

-5-

In the current round of competing motions, Plaintiff now contends that the damages award cannot be revisited even though it applied to the Negligent Misrepresentation claim as well as the Intentional Misrepresentation claim. In turn, Debtor asserts that the damages awarded by the jury should be adjusted downward because of credits or because they were somehow calculated incorrectly, and because the attorneys fee award related to other, dischargeable claims. *See, e.g.,* Debtor's Consolidated MPA in Support of Her MSJ and In Opposition to XSJ at pages 4, 6-10 at Dkt. 40. Neither party has set forth a basis for summary judgment.

III. <u>DISCUSSION</u>

As these motions address the issue-preclusive effect of a California state court's judgment, California preclusion law applies.[4] 28 U.S.C. § 1738; <u>Marrese v. Am. Acad. of Orthopaedic Surgeons</u>, 470 U.S. 373, 380 (1985). *See also* <u>Grogan v. Garner</u>, 498 U.S. 279, 284 (1991)("[A] bankruptcy court could properly give collateral estoppel effect to those elements of the claim that are identical to the elements required for discharge and which were actually litigated and determined in the prior action.").

Under California law, the party asserting issue preclusion has the burden of establishing the following requirements:

> First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it *must have been necessarily decided* in the former

---

[4] Pursuant to 28 U.S.C. § 1738, "[f]ederal courts must give the same preclusive effect to state court judgments that those judgments would be given in that state's own courts." <u>Duarte v. Bardales</u>, 526 F.3d 563, 577 n. 4 (9th Cir. 2008).

-6-

>     proceeding.  Fourth, the decision in the former
>     proceeding must be final and on the merits.  Finally,
>     the party against whom preclusion is sought must be the
>     same as, or in privity with, the party to the former
>     proceeding.

Harmon v. Kobrin (In re Harmon), 250 F.3d 1240, 1245 (9th Cir. 2001)(emphasis added).

Here, the elements of the Intentional Misrepresentation claim are identical to those necessary to establish that a debt is nondischargeable under section 523(a)(2)(A).  As the Ninth Circuit stated in Ghomeshi v. Sabban (In re Sabban), 600 F.3d 1219 (9th Cir. 2010):

>     We have consistently held that making out a claim of
>     non-dischargeability under § 523(a)(2)(A) requires the
>     creditor to demonstrate five elements:
>
>       (1) the debtor made ... representations;
>
>       (2) that at the time he knew they were false;
>
>       (3) that he made them with the intention and purpose of
>           deceiving the creditor;
>
>       (4) that the creditor relied on such representations;
>           [and]
>
>       (5) that the creditor sustained the alleged loss and
>           damage as the proximate result of the
>           misrepresentations having been made.

Id., quoting Am. Express Travel Related Servs. Co. v. Hashemi (In re Hashemi), 104 F.3d 1122, 1125 (9th Cir. 1996) (quoting Britton v. Price (In re Britton), 950 F.2d 602, 604 (9th Cir. 1991)).  All seven of the jury's findings regarding the Intentional Misrepresentation establish demonstrate that the requirements for a determination of nondischargeability under section 523(a)(2)(A)

-7-

exist here,[5] except as to the extent of the loss resulting from Debtor's intentional misrepresentation (the fifth factor).

Because the jury did not allocate the damages between the Intentional Misrepresentation claim and the Negligent Misrepresentation claim, the court is unable, based on the state court judgment, to conclude as a matter of law and undisputed fact that all of the damages awarded by the jury are attributable to the Intentional Misrepresentation claim. As the state court judgment amount is in the aggregate, this court lacks the specificity needed to find that it precludes further litigation as to the fifth prong of a section 523(a)(2) claim: the existence and amount of loss suffered as a result of the Intentional Misrepresentation. As recently held by another court:

> [A] jury's failure to allocate damages between a cause of action that is consistent with the federal standard of nondischargeability and a cause of action that does not rise to that standard cannot be the basis of a

---

[5] The jury instruction regarding the requisite knowledge of falsity for a finding of Intentional Misrepresentation required the jury to find that Debtor "knew that the representation was false when she made it, or that she made the representation recklessly and without regard for its truth." The Ninth Circuit has recognized that "reckless disregard for the truth of a representation satisfies the element that the debtor has made an intentionally false representation in obtaining credit." Advanta Nat'l Bank v. Kong (In re Kong), 239 B.R. 815 (9th Cir. BAP 1999); Anastas v. Am. Sav. Bank (In re Anastas), 94 F.3d 1280, 1286 (9th Cir. 1996)("[w]e have previously held that reckless disregard for the truth of a representation satisfies the element that the debtor has made an intentionally false representation"), *citing* Houtman v. Mann (In re Houtman), 568 F.2d 651, 656 (9th Cir. 1978)(overruled on other grounds by Grogan v. Garner, 498 U.S. 279, 284 (1991))("reckless indifference to the actual facts, without examining the available source of knowledge which lay at hand, and with no reasonable ground to believe that it was in fact correct [is] sufficient to establish the knowledge element"); Gertsch v. Johnson & Johnson Fin. Corp. (In re Gertsch), 237 B.R. 160, 167-68 (9th Cir. BAP 1999) (recognizing that "intent to deceive can be inferred from the totality of circumstances, including reckless disregard for the truth") (citations omitted).

-8-

judgment that has a preclusive effect without further findings regarding same on remand.

Spagnuolo v. Brooke-Petit, 506 B.R. 1, 7 (D. Mass. 2014), *citing* In re Gallagher, 388 B.R. 694, 704 (W.D. N.C. 2008); In re Raccuglia, 464 B.R. 477, 483 (Bankr. N.D. Ga. 2011); and In re Lowery, 440 B.R. 914, 926 (Bankr. N.D. Ga. 2010)).

Finally, the court denies Debtor's MSJ to the extent it seeks a determination as to the correct calculation of damages. Such a determination is outside the scope of this summary judgment motion. If Debtor believes that she has partially satisfied the judgment because of events that subsequently occurred, she should seek relief from the state court. This court's job going forward is limited to a determination of what damages flowed from the Intentional Misrepresentation.

IV. CONCLUSION

In conclusion, issue preclusion bars relitigation as to whether the Debtor's conduct constituted an intentional and fraudulent misrepresentation. However, because the jury did not allocate the damages specifically to that claim, the determination of damages has no preclusive effect here. In light of the foregoing, the court denies both the MSJ and the XSJ. Counsel for Plaintiff should prepare orders denying the motions "for the reasons stated" in this memorandum decision, and comply with B.L.R. 9021-1(c). The court will hold a status conference on April 29, 2016, at 1:30 p.m. to set a trial date and other relevant deadlines.

**END OF MEMORANDUM DECISION**

-9-